UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH C. MILLER, | ) | CASE NO.: 1:07CV348 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| LINDA MCMAHON, COMMISSIONER OF SOCIAL SECURITY, | ) | **ORDER AND DECISION** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Objection by the Plaintiff Joseph C. Miller to the Report and Recommendation of the Magistrate Judge. This action was referred to the Magistrate for a Report and Recommendation on Plaintiff's Appeal of the Social Security Administration's decision to deny his application for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*. Plaintiff's Objection was timely filed. Plaintiff raises the following objection: "The ALJ's conclusions are not supported by the evidence and are arbitrary." Doc. 17 at 6.

I. Facts

Plaintiff is a 42 year old male who has been diagnosed as mildly mentally retarded. He has lived his entire life with his parents and graduated from high school through the special education program. Testing revealed that Plaintiff reads and writes at a fourth grade level. Additionally, a neurological exam concluded that Plaintiff lacked "any capacity for deception."

Despite these limitations and through the help of a friend he met at church, Plaintiff became a part-time employee at Kaufman's department store in 1985. Plaintiff's job duties

included emptying trash, vacuuming, and occasionally helping customers load purchases into their cars. Plaintiff worked five days a week, six hours a day and successfully maintained the job until 2001. At that time, he was terminated over an apparent misunderstanding. Plaintiff had removed CDs from the department store believing that they were lost and not store merchandise.

Plaintiff applied for disability insurance benefits and supplemental social security income on November 30, 2001. The agency denied the application and Plaintiff requested a hearing before an ALJ. The ALJ held a hearing on February 17, 2005. On July 28, 2005, the ALJ determined that Plaintiff could perform past relevant work and denied his application. After further review was denied, Plaintiff filed the complaint at issue herein. The matter was referred to a Magistrate Judge. The Magistrate Judge issued his Report and Recommendation on April 18, 2008, and Plaintiff timely filed objections to the report. The matter now appears before this Court.

**II.     Legal Analysis**

The Court has reviewed the Magistrate Judge's Report and Recommendation *de novo* with respect to Plaintiff's objection. In reviewing the Commissioner's decision, the Court must determine whether substantial evidence in the record supports the findings and whether the ALJ applied the proper legal standards in reaching his or her decision. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard*, 889 F.2d at 681 (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In his application for benefits, Defendant indicated that he was mentally retarded, thereby

making him eligible for benefits. Under the Social Security Act, 42 U.S.C. § 423(a), an individual is entitled to disability insurance benefit payments if he (1) is insured for disability insurance benefits, (2) has not attained retirement age, (3) has filed an application for disability insurance benefits, and (4) is under a disability. Section 423(d)(1)(A) of Title 42 defines "disability" to be the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

Furthermore, 42 U.S.C. § 423(d)(2) adds the following to the analysis:

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy....

> In making a determination as to disability under the above definition, an ALJ is required to

follow a five-step sequential analysis set out in agency regulations. The five steps are as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Security*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. §

404.1520(a)(4)(i)-(v)). The claimant has the burden of proof in the first four steps of the analysis. *See Young v. Sec'y of Health and Human Servs.*, 925 F.2d 146, 148 (6th Cir. 1990). Thus, the Commissioner's denial of Plaintiff's disability claim is proper if there is substantial evidence in the record to support the conclusion that he could perform his past relevant work and had therefore failed to make a prima facie case of being under a disability. *Id.*

In her decision, the ALJ found that Steps 1 and 2 were satisfied by Plaintiff. The ALJ, however, determined that Steps 3 and 4 had not been satisfied. In his objections, Plaintiff asserts that the ALJ ignored all of the expert testimony presented. Plaintiff continues, asserting that if this evidence is accepted then he satisfied all five Steps in the analysis. The Court disagrees.

With respect to Step 3, Plaintiff asserts that his mental retardation meets or equals two of the listed impairments. The relevant listed impairments are found in 20 C.F.R. Part 404, Subpart P, Appendix I, § 12.05. Those listings are as follows:

> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> A. Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;
>
> B. A valid verbal, performance, or full scale IQ of 59 or less;
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;
>
> D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
>
> 1. Marked restriction of activities of daily living; or
>
> 2. Marked difficulties in maintaining social functioning; or
>
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or

      4. Repeated episodes of decompensation, each of extended duration.

Plaintiff contends that the evidence demonstrates that his impairment meets or equals the impairments described in subsections C and D. The record does not support this contention.

      With respect to subsection C, there is no dispute that Plaintiff's full scale IQ falls between 60 and 70. The record, however, does not contain any evidence of a physical or mental impairment beyond the IQ score that imposes significant work-related limitations or functions. In his brief to this Court, Plaintiff has not identified an additional mental impairment. Instead, Plaintiff details the day-to-day activities that he cannot perform and concludes that the "medical signs" of the impairment are "his inability to do a job properly." To the extent this could even be considered evidence of an impairment, Plaintiff's ability to hold a steady part-time job for sixteen years undermines his assertions of any such limitations.

      In response to this evidence, Plaintiff contends that his part-time job was a "sheltered" position effectively created by a family friend. While Plaintiff was hired by an individual he knew through his church, there is no evidence to suggest that the position was created for him. There is also no evidence that Plaintiff was given special treatment or failed to perform his job tasks in a satisfactory manner. Consequently, there was substantial evidence before the ALJ that Plaintiff did not have an impairment that resulted in a significant work-related limitation.

      Plaintiff also argues that his impairment equals that listed in subsection D above. Plaintiff contends that the evidence before the ALJ demonstrated that he had marked restrictions of his daily activities and marked difficulty in maintaining concentration.

There is no medical evidence to support this conclusion. In fact, the medical evidence presented concluded that Plaintiff had only "mild" restrictions of his daily activities and only "mild" difficulties in maintaining his concentration. There is little question that there are daily tasks that Plaintiff cannot perform. He does not purchase and cook his own food, does not purchase his own medications, does not manage his finances, and does not always finish what he starts. In contrast, there are also numerous daily activities that Plaintiff can perform. He manages his own personal hygiene and drives, and he was able to hold a part-time job for sixteen years.

Plaintiff has effectively asked this Court to reweigh the evidence before the ALJ and the Magistrate Judge. The Court declines to do so. There was substantial evidence, including expert medical evidence, that demonstrated that Plaintiff did not have "marked" difficulties in performing daily activities. The ALJ, therefore, did not err in concluding that Plaintiff had not satisfied his burden under Step 3.

Finally, Plaintiff contends that the ALJ erred in concluding that he had not satisfied Step 4. The Court disagrees.

The ALJ had before her medical evidence of the limitations caused by Plaintiff's mental retardation. The ALJ then posed a hypothetical question to a vocational expert in which she detailed these limitations. Based upon those limitations, the vocational expert opined that Plaintiff could still perform the work required in his past employment. The vocational expert also opined that there are several other jobs that Plaintiff could perform with his limitations. The expert detailed the substantial number of jobs in Ohio that Plaintiff could perform. The ALJ then posed a similar question and asked the expert to give full credibility to all the evidence heard at the hearing. Based on this second hypothetical, the expert concluded that there would be no type of

work that Plaintiff could perform. It is this statement that is seized upon by Plaintiff in his objections.

Upon review, the Court finds that there is substantial evidence that Plaintiff could perform the work activities involved in his past relevant work. First, Plaintiff performed his past relevant work without problem for sixteen years. His termination from that work, as detailed above, was unrelated to his job performance. Furthermore, there is nothing to suggest that Plaintiff's disability has changed since his termination.

The ALJ was not required to accept as true all of the testimony adduced at the hearing. Her decision to rely on the vocational expert's testimony that was based on the medically demonstrated limitations rather than the testimony of Plaintiff's mother cannot be said to be error.[1] Accordingly, the Court finds that there was substantial evidence to support the ALJ's decision. The Court agrees with the Magistrate Judge that the Commissioner's final determination is supported by substantial evidence and further agrees that the claimant is not entitled to disability insurance benefits or supplemental security income under Title II or Title XVI of the Social Security Act.

### III.   Conclusion

IT IS ORDERED that the Magistrate Judge's Report and Recommendation is ADOPTED IN WHOLE, the Plaintiff is denied disability insurance benefits and supplemental security income. Final judgment is entered in favor of the Commissioner, AFFIRMING its findings.

So ordered.

Dated: May 13, 2008               /s/ John R. Adams
                                  JUDGE JOHN R. ADAMS
                                  UNITED STATES DISTRICT JUDGE

---

[1] As Plaintiff's mother indicated, some of her son's alleged deficiencies have never been tested. While Plaintiff asserts that he cannot cook or shop for groceries, there is no indication that he has ever attempted these activities.